OPINION *Page 2 
{¶ 1} On August 20, 1983, appellant, Ronald Dooley, and appellee, Nancy Dooley, were married. Together, the parties operated several court reporting schools. On October 10, 2002, appellee filed a complaint for divorce. Hearings were held on March 10, and June 16, 2005. On October 26, 2005, the trial court filed findings of fact and conclusions of law. By judgment entry decree of divorce filed November 30, 2005, the trial court granted the parties a divorce and allocated the parties' assets.
 {¶ 2} One of the parties' court reporting schools, Atlantic Coast Institute, had been awarded to appellant. On October 24, 2005, prior to the filing of the divorce decree, said school was severely damaged by Hurricane Wilma which nearly shut down the school. As a consequence, on December 15, 2005, appellant filed a motion for new trial.
 {¶ 3} On December 28, 2005 appellant filed an appeal of the trial court's November 30, 2005 judgment entry decree of divorce.
 {¶ 4} On March 16, 2006, the trial court denied appellant's motion for new trial.
 {¶ 5} On November 30, 2006, appellant filed a Civ. R. 60(B) motion for relief from judgment.
 {¶ 6} On December 21, 2006, this court affirmed the trial court's November 30, 2005 judgment entry decree of divorce. See, Dooley v.Dooley, Fairfield App. No. 05CA109, 2006-Ohio-6938.
 {¶ 7} On December 26, 2006, the trial court denied appellant's Civ. R. 60(B) motion. *Page 3 
 {¶ 8} Appellant filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:
 {¶ 9} "THE TRIAL COURT ABUSED ITS DISCRETION AND ERRED AS A MATTER OF LAW WHEN IT DENIED APPELLANT'S MOTION FOR RELIEF AFTER JUDGMENT."
 I {¶ 10} Appellant claims the trial court erred in denying his Civ. R. 60(B) motion for relief from judgment. We disagree.
 {¶ 11} A motion for relief from judgment under Civ. R. 60(B) lies in the trial court's sound discretion. Griffey v. Rajan (1987),33 Ohio St.3d 75. In order to find an abuse of that discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217. In GTE Automatic Electric Inc. v.ARC Industries, Inc. (1976), 47 Ohio St.2d 146, paragraph two of the syllabus, the Supreme Court of Ohio held the following:
 {¶ 12} "To prevail on a motion brought under Civ. R. 60(B), the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ. R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ. R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken."
 {¶ 13} In its judgment entry filed December 26, 2006, the trial court found appellant's Civ. R. 60(B) motion was untimely: *Page 4 
 {¶ 14} "The events of the hurricane were about a month before the final decree of divorce was filed. This motion was not filed for a full year after the decree and over a year after the hurricane damage. A review of the case law and the facts of this case does not support the thought that the delay in filing this motion was reasonable. All the facts were known at the time the motion for a new trial was filed (and denied).
 {¶ 15} "In this case the property division was made at the time of trial, there appears no meritorious claim or defense to reopen the property division issue."
 {¶ 16} The original hearings were held on March 10, and June 16, 2005, with the final judgment entry decree of divorce filed on November 30, 2005. On December 15, 2005, appellant filed a motion for new trial, claiming on October 24, 2005, Hurricane Wilma had substantially damaged his court reporting school. The school was a substantial marital asset which had been awarded to him. In his motion, appellant claimed the asset had diminished in value. The motion for new trial was based upon Civ. R. 59(A)(3) and (8) which state the following:
 {¶ 17} "A new trial may be granted to all or any of the parties and on all or part of the issues upon any of the following grounds:
 {¶ 18} "(3) Accident or surprise which ordinary prudence could not have guarded against;
 {¶ 19} "(8) Newly discovered evidence, material for the party applying, which with reasonable diligence he could not have discovered and produced at trial."
 {¶ 20} In his motion, appellant argued the new evidence, diminished valuation, would result in a different property division because the diminution was not caused by any fault on his part. *Page 5 
 {¶ 21} Prior to the trial court ruling on this motion, appellant filed a notice of appeal on December 28, 2005 (Case No. 05CA109). This court remanded the case to the trial court for a decision on the motion for new trial. The trial court denied the motion on March 16, 2006. No appeal was taken from this entry, nor was there any motion to treat the appeal as premature and add an assignment of error relative to the denial of the motion for new trial. This court filed its opinion and judgment entry on December 21, 2006. See, Dooley v. Dooley, Fairfield App. No. 05CA109, 2006-Ohio-6938. Assigned as error in Assignment of Error IX was the issue of division of marital property. This assignment did not address the issues raised by the motion for new trial.
 {¶ 22} From our review of both the motion for new trial and motion for relief from judgment, we find the essential arguments and reasons to be identical (the affects of Hurricane Wilma on the school awarded to appellant).
 {¶ 23} Appellant filed his Civ. R. 60(B) motion on November 30, 2006, one year after the trial court's November 30, 2005 judgment entry decree of divorce. The trial court found the motion to be untimely. We find no abuse of discretion in the court's so holding.
 {¶ 24} The sole assignment of error is denied. *Page 6 
 {¶ 25} The judgment of the Court of Common Pleas of Fairfield County, Ohio, Domestic Relations Division is hereby affirmed.
Hoffman, P.J. and Edwards, J., concur, Farmer, J. concurs separately.
 JUDGMENT ENTRY *Page 8 
For the reason stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Fairfield County, Ohio, Domestic Relations Division is affirmed. *Page 7